DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, which terminated the parental rights of appellant and awarded permanent custody of three of his minor children, Asia S., Tasia S., and Whitney S., to appellee, Sandusky County Department of Job and Family Services ("SCD"). Asia and Tasia are twin sisters with a birth date of January 23, 1985. Whitney, the twins' younger sister, was born on June 24, 1986.
The undisputed facts of this case are as follows. Appellant, the biological father of Asia, Tasia, and Whitney, is currently serving a prison term of fifteen years to life for the murder of his children's mother. He is also serving a concurrent sentence of fifteen years to life on four counts of attempted rape of his daughters.
Appellant sets forth the following assignment of error:
 "I. THE TRIAL COURT ERRED IN GRANTING THE SANDUSKY COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES MOTION FOR PERMANENT CUSTODY AS SAID DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT PLACEMENT WITH A RELATIVE OF THE CHILDREN WAS NOT ADEQUATELY EXPLORED AND INVESTIGATED BY THE SANDUSKY COUNT DEPARTMENT OF JOB AND FAMILY SERVICES."
Appellant first argues that the juvenile court committed reversible error in finding, by clear and convincing evidence, that Asia, Tasia, and Whitney were in the temporary custody of SCD for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
R.C. 2151.414(B)(1) provides that a court may grant permanent custody of a child to, among others, a public services agency if the court determines, by clear and convincing evidence offered at the custody hearing, that it is in the best interest of the child and that any of the following apply: (1) the child is not abandoned or orphaned or has not been in the temporary custody of one or more public services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with his or her parents, R.C.2151.414(B)(1)(a); (2) the child is abandoned, R.C. 2151.414(B)(1)(b); (3) the child is orphaned and has no relatives who are able to take permanent custody, R.C. 2151.414(B)(1)(c); or (4) the child has been in the temporary custody of one or more public services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, R.C.2151.414(B)(1)(d).
In the present case, the record reveals that the trial court correctly determined that Asia, Tasia, and Whitney were placed in the temporary custody of SCD on October 16, 2000. The hearing on the motion for permanent custody was held on October 16, 2001; the court's judgment was filed on October 26, 2001. Thus, clear and convincing evidence supports a finding that SCD had temporary custody of Asia, Tasia, and Whitney for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
Moreover, and even if we assume that the children were not in the temporary custody of SCD for the requisite period, the juvenile court did not rely solely on this finding in granting SCD's motion for permanent custody. The court made specific findings as to the existence of conditions, as set forth in R.C. 2151.414(E), as a basis for finding that appellant's children could not be placed with appellant within a reasonable time or should not be placed with him, thereby satisfying the requirements of R.C. 2151.414(B)(1)(a). These conditions include:
 "5. That [appellant] has been convicted of four counts of attempted rape involving [his daughters], who were residing with [appellant] at the time of the offenses, a violation of R.C. 2907.02, and is serving a sentence of fifteen years to life to run concurrent with the sentence for murder." [R.C. 2151.414(E)(7)(d).]
"* * *
 "8. That [appellant] was incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the children and will not be available to care for the children for at least 18 months after the filing of the motion for permanent custody or the dispositional hearing." [R.C. 2151.414(E)(12).]
 "9. That [appellant's] incarceration prevents him from providing care for the children." [R.C. 2151.414(E)(13) or (E)(16)].
 "10. That [appellant] has committed abuse as described in Section 2151.031 of the Revised Code and the Court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child [sic] parent a threat to the child [sic] safety." [R.C. 2151.414(E)(3).]
Although, pursuant to R.C. 2151.414(E), clear and convincing evidence of but one of the conditions listed therein is necessary to support the R.C. 2151.414(B)(1)(a) finding, a review of the record reveals undisputed clear and convincing evidence supporting the existence of all of the conditions denominated by the trial court. We therefore find appellant's initial argument without merit.
Appellant also argues that clear and convincing evidence does not support a finding that it was in the best interests of Asia, Tasia, and Whitney to award permanent custody to SCD. Specifically, appellant asserts that the court's finding which states that these children could not be placed with a relative was not supported by the evidence.
R.C. 2151.414(D) provides a nonexhaustive list of factors for a juvenile court to consider in determining the best interest of a child. One of these factors, R.C. 2151.414(D)(4), includes the examination of the child's need for a legally secure placement and whether that placement can be achieved without a grant of permanent custody to the agency.
At the dispositional hearing on this matter, both appellant's sister, Tina S., and the children's maternal aunt, Gail J., were mentioned as possible relative placements for the children. Joe Bodi, the SCD caseworker, assigned to appellant's family testified, without objection, that Tina S. "has an extensive criminal background, including drug offenses." He further stated that Gail J. "had previous abuse and neglect cases" with SCD. Bodi was also asked how the three girls felt about the possible award of permanent custody. He replied that "they understand that there's no relatives that are willing or able to take care of them out there, or appropriate." Finally, in his report, James H. Ellis III, the children's guardian ad litem, wrote: "Sadly, the children do not appear to have any family members who are in a position to care for them now or in the future." Based on the foregoing, we conclude that the trial court's finding was supported by clear and convincing evidence. Therefore, appellant's argument with regard to the best interest of Asia, Tasia, and Whitney is also meritless.
Upon a complete review of the record of this case and the trial court's judgment entry, we find that the mandates of R.C. 2151.414 were satisfied. Thus, the trial court did not err in awarding permanent custody of appellant's daughters to the Sandusky County Department of Job and Family Services. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.